UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| VERNETRUS I., ) | |
|       Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 3:19-CV-1187-JVB |
| ) | |
| KILOLO KIJAKAZI, Acting Commissioner ) | |
| of the Social Security Administration, ) | |
|       Defendant. ) | |

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Attorney's Amended Motion for an Award of Attorneys Fees Under 42 U.S.C. § 406(b) [DE 29] filed on October 14, 2021. Plaintiff requests an award of attorney fees after Plaintiff prevailed on remand and received benefits. On October 28, 2021, the Commissioner filed a response in opposition.[1] Plaintiff replied on November 4, 2021.

Counsel requests that he be awarded $14,215.25[2] in fees pursuant to § 406(b). The Court has jurisdiction over this fee petition pursuant to 42 U.S.C. § 406(b) because the Court remanded this case for further proceedings on August 20, 2020.

## PROCEDURAL HISTORY

Plaintiff filed an application for disability insurance benefits. After denial at the administrative level, Plaintiff filed suit in this Court. By agreement of the parties, the Court remanded the case to the agency for further proceedings.

---

[1] The Commissioner has no financial stake in the outcome of this motion. Her role is similar to that of a trustee. *See Gisbrecht v. Barnhart*, 535 US. 789, 798 (2002).

[2] In his motion, Plaintiff's attorney lists the amount as $14,215.50, but this appears to be a scrivener's error, as the amount listed in the memorandum is $14,215.25, which is the statutory cap on fees given the amount of Plaintiff's past-due benefits.

Plaintiff prevailed on remand when the Administrative Law Judge issued a fully favorable decision. On March 25, 2021, the Social Security Administration sent a notice of award of past due benefits indicating that it was awarding past-due benefits in the amount of $56,861.00. Twenty-five percent of the award is $14,215.25. Previously, EAJA fees were awarded to Plaintiff in the amount of $2,272.50.

Plaintiff's counsel requests $14,215.25 in fees under § 406(b), indicating that 8.5 hours of attorney time and approximately 7 hours of "non-attorney staff" time were spent on this cause of action.

**ANALYSIS**

The Social Security Act allows for a reasonable fee to be awarded both for representation at the administrative level, *see* 42 U.S.C. § 406(a), as well as representation before the Court, see 42 U.S.C. § 406(b). *See Culbertson v. Berryhill*, 139 S. Ct. 517, 520 (2019) (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002)). Under section 406(b)(1), a court may award up to 25% of past due benefits to which the claimant is entitled by reason of a judgment rendered in favor of the claimant. *See* 42 U.S.C. § 406(b)(1).

This twenty-five percent cap applies only to fees for court representation and not to the aggregate fees awarded under Sections 406(a) and 406(b). *Culbertson*, 139 S. Ct. at 523. However, an award of EAJA fees under 42 U.S.C. § 2412 offsets an award under § 406(b). *Gisbrecht*, 535 U.S. at 796. Plaintiff agreed to pay counsel a maximum of 25% of all past-due benefits awarded. Plaintiff and counsel agreed that the 25% maximum would include the fee paid for work before the Social Security Administration. (Fee Contract, ECF No. 25-1). Plaintiff's counsel represents that additional fees will not be sought for work performed at the administrative level if its full

2

request is approved.³ and has provided evidence that other counsel who worked at the administrative level has waived any fees she might be entitled to under § 406(a).

Thus, the amount requested by Plaintiff's counsel is permitted by both statute and the agreement with Plaintiff. However, the Court must also determine whether Plaintiff has shown that the fee sought is reasonable. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). "If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is . . . in order." *Id.* at 808.

Plaintiff's counsel worked 8.5 hours on this federal litigation and non-attorney staff worked an estimated 7 hours. Plaintiff's counsel represents that a substantial amount of work was performed before the Social Security Administration, but that is not germane to the question before the Court, which is the federal-level 406(b) fees and not the administrative-level 406(a) fees. Fees for administrative-level work can be pursued administratively within the bounds of the contract between Plaintiff and counsel and consistent with counsel's representations to the Court.

The Commissioner argues that a downward adjustment is in order to avoid awarding a windfall to Plaintiff's counsel. Plaintiff replies that considering a reasonable hourly rate is not appropriate given the contingency nature of the work performed. Plaintiff also indicates that Plaintiff will receive ongoing disability benefits and Medicare health insurance, both of which are of value to Plaintiff.

While delay on the part of counsel may be considered in the reasonability analysis, it is not appropriate in the context of this case. Plaintiff received eight weeks of extensions, which is not

---

³ Plaintiff's counsel appears to suggest that, pursuant to *Culburtson v. Berryhill*, 139 S. Ct. 517 (2019), counsel could receive more than 25% of the past-due benefits, but this argument ignores that fact that counsel contracted with Plaintiff for a cap of 25% of past-due benefits for work at both the administrative and court levels.

uncommon in this district for a Social Security case. Further, the Court has not identified any way in which counsel's performance was substandard.

However, a downward adjustment of the attorney's fee is in order if the benefits are large in comparison to the amount of attorney time spent on the case. *Gisbrecht*, 535 U.S. at 808. "In all cases, the court should consider the reasonableness of the contingency percentage to make sure the attorney does not receive fees which are out of proportion to the services performed, the risk of loss and the other relevant considerations." *McGuire v. Sullivan*, 873 F.2d 974, 981 (7th Cir. 1989).

The Supreme Court in *Gisbrecht* suggested that, for guidance, courts look to counsel's normal hourly rate in a non-contingent matter. *Gisbrecht*, 535 U.S. at 808. Counsel has represented that his hourly rate for a non-contingent matter is $250 per hour. (Atty. Stmt. ¶ 4, ECF No. 20-1).

Reasonable attorneys' fees can include the work of paralegals and law clerks. *Missouri v. Jenkins by Agyei*, 491 U.S. 274, 285 (1989). Here, instead of "paralegal" or "law clerk," the designation is "non-attorney staff." No further indication of the qualifications of the staff is provided. The Commissioner argues that non-attorney staff time should be considered to be paid at half the rate of attorney time. The Court finds this reduction more than reasonable, especially in light of the lack of information regarding staff qualifications and the fact that this time was approximated. Accordingly, the de facto rates Plaintiff's counsel has requested are $1,184.60 for attorney time and $592.30 for non-attorney staff time.

Thus, the amount counsel would receive from Plaintiff's benefits here, if he were granted 25% of those benefits, amounts to more than quadruple his hourly rate. In *Linda G. v. Saul*, Magistrate Judge Susan E. Cox of the Northern District of Illinois adopted as helpful guidance the Sixth Circuit Court of Appeals' suggestion that a multiplier of two times the non-contingency rate is an appropriate floor for reasonable attorney fees, and when the requested fees exceed this rate

courts can consider arguments to lower the fee award. 487 F. Supp. 3d 743, 747 (N.D. Ill. 2020) (citing *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 422 (6th Cir. 1990)).

The Court follows Judge Cox's lead. The Commissioner argues that the hourly rates requested greatly exceed the typical rates billed by attorneys in private practice. Even when considering the contingency nature of this litigation and the necessary specialized knowledge of the social security framework, the Court finds that the requested award is unreasonable because it would constitute a windfall to Plaintiff's counsel. The Court finds that, in contemplation of the lifetime benefit to Plaintiff and the expertise of counsel, de facto hourly rates of $750 for attorney time and $375 for non-attorney staff time fairly compensates counsel for the work performed in this case, which they took on a contingency basis. Thus, the Court will award attorney fees out of Plaintiff's past-due benefits in the amount of $9,000.00 ($6,375.00 for attorney time and $2,625.00 for non-attorney staff time).

Accordingly, the Court hereby **GRANTS in part** the Plaintiff's Attorney's Amended Motion for an Award of Attorneys Fees Under 42 U.S.C. § 406(b) [DE 24] and **AWARDS** Plaintiff's counsel $9,000.00 in attorney fees pursuant to § 406(b)(1) of the Social Security Act. The Court **ORDERS** Plaintiff's counsel, on receipt of the fee, to refund to Plaintiff the $2,272.50 received under the EAJA.

SO ORDERED on November 8, 2021.

s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN, JUDGE
UNITED STATES DISTRICT COURT
